UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICENTICO P. RIOJA, JR., LUCY S. RIOJA,<br><br>     Plaintiffs,<br><br>v.<br><br>LINEAR FINANCIAL, LP DBA PARDEE HOME LOANS, et al.,<br><br>     Defendants. | 2:09-CV-628 JCM (PAL) |

**ORDER**

Presently before the court is a motion to dismiss plaintiffs' complaint filed by defendants Linear Financial, NA ("Linear") and Wells Fargo Bank, NA ("Wells Fargo"). Doc. #4.

Plaintiffs Vicentico P. Rioja Jr. and Lucy S. Rioja obtained a loan from defendant Linear in March, 2008. Doc. #4. Linear assigned the deed of trust to defendant Wells Fargo. *Id*. Plaintiffs defaulted on the loan, and Wells Fargo recorded a notice of default against the property. *Id*. Subsequently, plaintiffs filed the instant action against defendants alleging: (1) unfair lending practices; (2) negligence; (3) negligence per se; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) intentional misrepresentation; (7) breach of the covenant of good faith and fair dealing; and (8) wrongful foreclosure. Doc. #1, exhibit A.

On April 14, 2009, defendants filed the present motion to dismiss. Doc #4. Plaintiffs' response was due by May 4, 2009. No response has been filed.

**James C. Mahan**
**U.S. District Judge**

1  Nevada LR 7-2(d) provides in pertinent part that "[t]he failure of an opposing party to file
2  points and authorities in response to any motion shall constitute a consent to the granting of the
3  motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic
4  dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the
5  district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's
6  need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of
7  cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v.*
8  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

9  Here, those factors weigh toward dismissal. The public's interest in expeditious resolution
10  of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of
11  granting the motion to dismiss. Additionally, the motion has merit.

12  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
13  be granted." FED. R. CIV. PRO. 12(B)(6). A 12(b)(6) motion is a test of the complaint's sufficiency
14  in establishing the grounds for relief. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th
15  Cir. 1983).

16  Plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs'
17  allegations require a breach of a fiduciary duty owed by the defendants. However, there is no
18  fiduciary duty between a lender and a borrower involving home loans. *See Yerington Ford, Inc. v.*
19  *Gerard Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Absent any fiduciary
20  duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989).

21  Moreover, plaintiffs' allegations of defendants' misrepresentations are not pled with
22  sufficient particularity to satisfy Fed. R. Civ. P. 9. The complaint fails to allege the requisite who,
23  what, where, when, and how. *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997).
24  Instead, plaintiffs' complaint simply states that the defendants had a duty to make accurate, truthful,
25  and complete representations to them relating to the loan, and that the defendants failed to do so.

26  Finally, plaintiffs' claim for wrongful disclosure also fails to state a claim upon which relief
27  can be granted. Under Nevada law, a beneficiary like Wells Fargo may initiate a non-judicial
28

**James C. Mahan**
**U.S. District Judge**

1  foreclosure upon default of the borrowers (the plaintiffs, in this case). *See* NRS § 107.080. Linear
2  lawfully assigned the deed of trust to Wells Fargo, and Wells Fargo initiated non-judicial foreclosure
3  proceedings upon plaintiffs' default. Doc #4. Therefore,

4  IT IS ORDERED, ADJUDGED AND DECREED that the present motion to dismiss (Doc.
5  #4) is GRANTED. Plaintiffs' complaint is dismissed without prejudice.

6  DATED this 8th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -